**Season SEDLOCK, a minor by her next friend, Brenda K. SEDLOCK and Frank Sedlock, Plaintiffs,**

v.

**BIC CORPORATION, Defendant.**

**WAL–MART STORES, INC. and Andover Togs, Inc., Defendants and Third–Party Plaintiffs,**

v.

**WESTPOINT PEPPERELL, INC. d/b/a Alamac Knitted Fabrics, Third–Party Defendant.**

No. 88–3401–CV–S–2.

United States District Court, W.D. Missouri, S.D.

Jan. 22, 1990.

Charles M. Wesley, James D. Sickal, Waynesville, Mo., John R. Overchuck, Orlando, Fla., for plaintiffs.

Robert T. White, Michael Ryan, Murnane, Conlin, White, Brandt & Hoffman, William Morgan, St. Paul, Minn., Patrick K. Roberts, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, Mo., for defendant Bic Corp.

Donald R. Duncan, Turner, Reid, Duncan, Loomer & Patton, P.C., David F. Sullivan, Springfield, Mo., for defendant Wal–Mart Stores, Inc.

Donald R. Duncan, Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, Mo., for defendant Andover Togs, Inc.

Stephen H. Snead, Mann, Walter, Burkart, Weathers & Walter, Springfield, Mo., for defendant Westpoint Pepperell, Inc., d/b/a Alamac Knitted Fabrics.

## ORDER

COLLINSON, Senior District Judge.

This is a products liability action brought by the minor plaintiff and her parents against defendants Bic Corporation, Wal–

Mart Stores, Inc., and Andover Togs, Inc. as a result of personal injuries suffered by the minor plaintiff, Season Sedlock, on November 24, 1984. The plaintiffs allege the minor plaintiff was severely burned when a Bic lighter flared up and caused the shirt she was wearing to ignite. The plaintiffs further allege that the shirt manufactured by Andover Togs, Inc. and sold by Wal–Mart Stores, Inc. was unreasonably dangerous due to its flammability. Currently pending in this case is defendant Bic Corporation's motion for partial summary judgment.

The following allegation in the plaintiffs' complaint appears to be the subject of the motion for partial summary judgment:

### Count III

26. That said "Bic" disposable butane cigarette lighter was in the aforesaid unreasonably dangerous condition at the time it left the possession and control of Defendant Bic, and that said subject "Bic" lighter is a product that Defendant Bic would reasonably anticipate to reach users, such as Plaintiffs, without a substantial change in condition of said product, and which said Defendant would reasonably anticipate that minor children such as Season Sedlock would come in contact with and ignite same.

Defendant Bic construes the above statement to be an allegation that the Bic cigarette lighter was defective and unreasonably dangerous for the reason that it was not child proof or child resistant. In support of its motion for partial summary judgment, Bic cites *Brawner v. Liberty Industries, Inc.*, 573 S.W.2d 376 (Mo.App. 1978), which held that a manufacturer of an adult product may not be held liable in a products liability action solely because that product has not been made child proof. Along with the motion for partial summary judgment, defendant Bic has enclosed the affidavit of Paul Labrum, a Quality Assurance Manager, in which he states that neither Bic nor any other manufacturer of disposable lighters markets a disposable butane lighter containing child-resistant devices.

In response, the plaintiff denies that the complaint alleges the Bic lighter in question was defective due to failure to child proof. In addition, plaintiffs allege that the motion for summary judgment is premature as significant discovery remains to be conducted in this case. Plaintiffs state that they might wish to plead "child proofing" as a separate complaint following discovery.

In addition, defendants Wal–Mart Stores, Inc. and Andover Togs, Inc. have filed suggestions opposing Bic's motion for partial summary judgment. In their suggestions, defendants Wal–Mart and Andover Togs argue that "plaintiffs do not contend the lighter was defective solely because it was not child-proof" and that plaintiffs allege design defects, including failure to warn, as well as negligence on the part of defendant Bic.

Summary judgment is appropriate only when the moving party satisfies its burden of showing the absence of a genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Foster v. Johns–Manville Sales Corp.*, 787 F.2d 390 (8th Cir.1986). All facts must be viewed in the light most favorable to the party opposing summary judgment, and that party must receive the benefit of all reasonable inferences drawn from the facts. *Fitzgerald v. Williamson*, 601 F.Supp. 92 (E.D.Mo.1984). The burden of proof is on the moving party. *Midwest Petroleum Co. v. American Petrofina*, 603 F.Supp. 1099 (E.D.Mo.1985). Under Rule 56(e), a party opposing a motion for summary judgment may not rest upon the allegations of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Automotive Petroleum and Allied Industries Employees Union v. Gelco Corp.*, 581 F.Supp. 1155 (E.D.Mo. 1984).

This Court notes that in contrast to many of the cases cited by defendant Bic, the plaintiffs' complaint alleges that the lighter in question contained defects that were harmful to people in general apart from any claim concerning child proofing. Nevertheless, the Court finds that Count

III may be easily construed to contain two separate claims, *i.e.*, (1) that the cigarette lighter was defective and unreasonably dangerous for the reason that it was not child proof or child resistant; and (2) that the cigarette lighter was negligently and defectively designed in a manner harmful to people in general. The Court notes that Missouri law explicitly holds that manufacturers are not liable for failure to make adult products child proof. Accordingly, the Court will grant defendant Bic's motion for partial summary judgment solely with respect to that issue. Whether the lighter was negligently or defectively designed apart from the child proofing issue is a separate question to be resolved at a later date. Accordingly, it is hereby

ORDERED that the motion for partial summary judgment is granted solely with respect to the child proofing issue.