571 A.2d 420

**Schree TOTH, Surviving Wife of Joseph Patrick Toth, Deceased, as Trustee ad Litem, and Mary Bridget Toth, Executrix of the Estate of Joseph Patrick Toth, Deceased, Appellants,**

v.

**ECONOMY FORMS CORPORATION.**

Superior Court of Pennsylvania.

Argued Jan. 25, 1990.

Filed March 1, 1990.

Michael J. Colarusso, Pittsburgh, for appellants.

Mary J. Bowes, Pittsburgh, for appellee.

Before CAVANAUGH, TAMILIA and JOHNSON, JJ.

TAMILIA, Judge:

This is an appeal from the Order of court denying appellants' motion to remove nonsuit entered July 27, 1989 following the trial court's granting of appellee's motion for a compulsory nonsuit.

On December 8, 1983, Joseph Patrick Toth, a laborer employed by Cameron Construction Company, was killed in a construction accident. He stepped on a wooden plank supported by scaffolding. The scaffolding was attached to concrete forming equipment, which was manufactured, sold and supplied by appellee, Economy Forms, to Cameron Construction. The plank, supplied by Mellon Stuart Compa-

ny to Cameron, thereupon broke away, causing the decedent to fall to his death.

Appellants, Schree Toth, surviving widow, and Mary Bridget Toth, as Executrix of the Estate of Mr. Toth, contend Economy Forms corporation designed, manufactured, sold and supplied a defective concrete forming/scaffolding system which supported the plank that broke and this defective system was the proximate cause of Mr. Toth's death. Economy denied liability for Mr. Toth's death.

Following extensive discovery, the case proceeded to trial. Appellants presented the liability aspects of their case, which consisted of the testimony of their expert witness, Ben Lehman, and an offer of proof from a liability witness who could not be found. Economy Forms thereafter made an oral motion for a compulsory nonsuit, which the trial court granted based on its finding Economy had no connection with the product that caused the injury, i.e. the planking. Appellants subsequently filed a motion to remove the compulsory nonsuit, which was denied. This appeal followed.

The sole issue on appeal is whether the trial court properly granted Economy Forms' motion for a compulsory nonsuit. When a motion for compulsory nonsuit is filed, the plaintiff, appellant here, must be given the benefit of all favorable evidence along with all reasonable inferences of fact arising from the evidence, and any conflict in the evidence must be resolved in favor of the plaintiff. *Coatesville Contractors v. Borough of Ridley Park*, 509 Pa. 553, 559, 506 A.2d 862, 865 (1986). Furthermore, when the trial court is presented with a choice between two reasonable inferences, the case must be submitted to the jury. *Hawthorne v. Dravo Corp., Keystone Div.*, 313 Pa.Super. 436, 460 A.2d 266 (1983). However where it is clear a cause of action has not been established, a compulsory nonsuit is proper. *Storm v. Golden*, 371 Pa.Super. 368, 538 A.2d 61, 63 (1988).

At trial, appellants sought recovery based on two theories of liability—product liability under § 402A of *Restatement (Second) of Torts* or, in the alternative, negligence. Section 402A R.2d *Torts* states:

**§ 402 A. Special liability of Seller of Product for Physical Harm to User or Consumer**

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Our Supreme Court adopted § 402A in *Webb v. Zern*, 422 Pa. 424, 220 A.2d 853 (1966). In order to succeed under this section, a plaintiff must establish all of the following: 1) a product; 2) the sale of that product; 3) a user or consumer; 4) the product defect which makes the product unreasonably dangerous; and 5) the product defect was the proximate cause of the harm. *See Ellis v. Chicago Bridge & Iron Co.*, 376 Pa.Super. 220, 238, 545 A.2d 906, 916 (1988) (Popovich, J., concurring); *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 337 A.2d 893 (1975). In order for liability to attach in a products liability action such as this, the plaintiff must show the injuries suffered were caused by a product of the particular manufacturer or supplier. *Eckenrod v. GAF Corp.*, 375 Pa.Super. 187, 190–91, 544 A.2d 50, 52 (1988). Appellants concede the wooden plank that broke and caused Mr. Toth to fall to his death was not supplied or

manufactured by appellee (Brief for Appellants, p. 4). There is no legal authority supporting appellants' attempt to hold a supplier liable in strict liability for a product it does not even supply. We believe, under this theory of recovery, appellant must look to the lumber supplier and not appellee.

However, appellants contend appellee's scaffolding system, as designed, was incomplete and thus defective because it failed to supply all of the component parts, i.e., the wooden planks. Therefore, appellants suggest appellee *should* have supplied the lumber, and its failure to do so constitutes a design defect in the scaffolding, which it did supply. To this end, appellants opine it was foreseeable "Cameron would use wood planking which was not suitable for use as scaffolding planks supported by yokes and that one way to guard against this hazard was to supply a complete system, including wooden components" (Brief for Appellants, p. 4). We fail to see how this would have been reasonably foreseeable to appellee—especially where Cameron, a contractor engaged in bridge reconstruction under the auspices of Pennsylvania's Department of Transportation (Penn Dot), is itself subject to OSHA requirements and inspections, Penn Dot requirements and inspections and federal state, and local regulations regarding scaffolding. We reject appellants' assertion the failure to provide wood planks constitutes a design defect in the metal scaffolding.

Alternatively, appellants suggest appellee's scaffolding system was defective because appellee failed to instruct as to its proper use or warn of inherent dangers associated with its use. A "defective condition" is not just limited to defects in design or manufacture, but includes the failure to give such warnings as needed to inform the consumer of the possible risks and limitations involved. *Berkebile, supra,* 337 A.2d at 902. "If the product is defective absent such warnings, and the defect is a proximate cause of the plaintiff's injury, the seller is strictly liable without proof of negligence." *Id.* Once again, we emphasize appellee did not supply the "defective" product. Appellants' theory would have us impose liability on the

supplier of metal forming equipment to warn of dangers inherent in wood planking that it did not supply. Pennsylvania law does not permit such a result.

■ Having rejected appellants' first theory of liability, we turn now to their second theory of liability—negligence. Appellants argue the allegedly defective design and lack of warnings constitute negligence, as well as product liability, and appellee still had an opportunity to correct its negligence, thereby preventing Mr. Toth's death, by providing proper field services. Although appellants allege appellee had a duty to provide proper field services, appellants fail to show how this duty was breached, if at all. Appellants have not even demonstrated how Cameron failed to follow procedures in using appellee's product, much less how this is appellee's fault. It is not enough for appellants to claim appellee had a duty. Appellants must also show how that duty was breached in order to impose liability on appellee. Having failed to establish its case in negligence, we reject appellants' claim.

Because appellants have failed to establish a cause of action under § 402A R.2d torts or in negligence, we affirm the trial court's denial of appellants' motion to remove compulsory nonsuit.

Order affirmed; judgment of nonsuit affirmed.