**Robert KIRK, as Next Friend, of Amanda Gryka, a Minor, Plaintiff,**

v.

**HANES CORPORATION OF NORTH CAROLINA, and Bic Corporation, a New York Corporation, Defendants.**

Civ. A. No. 90–70514.

United States District Court, E.D. Michigan, S.D.

Sept. 5, 1991.

Christopher R. Sciotti, St. Clair Shores, Mich., for plaintiff Robert Kirk.

Allan G. Meganck, Detroit, Mich., for defendant Hanes Corp.

Thomas M. Peters, Detroit, Mich., for defendant BIC Corp.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT BIC'S JULY 30, 1991 MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Defendant Bic Corporation ("Bic") filed a motion for summary judgment July 30, 1991; plaintiff filed a response August 16, 1991. Oral argument was heard August 28, 1991.

### BACKGROUND FACTS

This is a products liability action brought against Bic, the manufacturer of a disposable, butane lighter and Hanes Corporation of North Carolina ("Hanes"), a clothing manufacturer, for injuries suffered when an unsupervised five-year old, playing with the lighter, set flame to the t-shirt worn by his three-year old sister. The facts surrounding the incident are not in dispute. On the morning of October 29, 1987, the children's mother returned home from work at approximately 7:30 a.m. After she and her husband shared a pipe of marijuana, he left for work, and she fell asleep on the couch. About an hour later, she was awakened by her daughter's screams. Her five-year old son had used the lighter, which had been left lying on a coffee table or end table, to ignite first a candle and then the t-shirt his sister was wearing. The little girl suffered second and third degree burns over more than 26 percent of her body. She has since had to endure multiple surgical operations for debridement and skin grafting and has suffered pain, suffering, disability, and disfigurement as a result of the incident.

### STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." [Citation omitted]. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984) (quoting Black's Law Dictionary 881 (6th Ed.1979)). The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Id.* at 249–50, 106 S.Ct. at 2511. (Citations omitted); *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact.

## ANALYSIS

A prima facie case in a products liability action requires the plaintiff to demonstrate that the defendant manufacturer owed the plaintiff a duty of care. The question of whether a duty exists is a question to be decided by the court. *Glittenberg v. Doughboy Recreational Industries, Inc.,* 436 Mich. 673, 682, 462 N.W.2d 348 (1990).

In a failure to warn and a design defect case, the Michigan Supreme Court has held the "[t]here is no duty to warn or protect against dangers obvious to all." *Fisher v. Johnson Milk Co.,* 383 Mich. 158, 160, 174 N.W.2d 752 (1970). In *Owens v. Allis-Chalmers Corp.,* 414 Mich. 413, 326 N.W.2d 372 (1982) that court limited the holding in *Fisher* to cases involving the design of a simple product or tool. The court added

> [T]he obviousness of the risks that inhere in some simple tools or products is a factor contributing to the conclusion that such products are not unreasonably dangerous. The test, however, is not whether the risks are obvious, but whether the

risks were unreasonable in light of the foreseeable injuries.

*Id.* at 425, 326 N.W.2d 372. Following the reasoning and lengthy analysis of Judge Zatkoff's opinion in *Raines v. Colt Indus. Inc.,* 757 F.Supp. 819 (E.D.Mich.1991), this court agrees "that under Michigan law, a manufacturer has no duty to warn of or protect against known or obvious dangers associated with the use of a simple tool." *Id.* at 824.

A manufacturer is under no duty "to render a machine or other article more safe as long as the danger to be avoided is obvious and patent to all." *Glittenberg* at 686, 462 N.W.2d 348 (quoting *Fisher* at 163, 174 N.E.2d 752). "Michigan courts have defined an 'open and obvious' danger as a condition that would ordinarily be observed and the danger of which would ordinarily be appreciated *by those who would be expected to use the product." Raines* at 824 (emphasis added); *Glittenberg* at 695, 462 N.W.2d 348 (quoting Prosser & Keeton, Torts (5th ed.) § 96, pp. 686–87).

> The "open and obvious danger" rule is not dependent on the subjective knowledge of a particular user. To adopt a requirement that persons voluntarily confronting open and obvious dangers must also be subjectively aware of each and every potential consequence of their action would be to effectively extinguish the doctrine itself.

*Glittenberg* at 696, 462 N.W.2d 348. As succinctly stated in *Raines,* "the open and obvious danger rule obviates defendant's duty of care to plaintiff if (1) the defendant's product ... is a 'simple tool,' and (2) the dangers of the [product] were open and obvious *to a reasonable and expected user of the [product]." Raines* at 824 (emphasis added).

A disposable, butane lighter is unquestionably a simple tool. This particular type of lighter is designed to be easily activated by one hand. It consists of a "roll and press" operation, by which the user rolls a wheel with his thumb and presses down on a button to control the flow of butane. The lighter requires a certain amount of dexterity for operation thereof, in that its

wheel must be spun with the thumb at the same time that a button is pressed to permit the flow of fuel. If the button is not pressed, or if the lighter is dropped, then the flame would immediately be extinguished.

Parenthetically, it may be observed that in that regard a common match may well be a far more dangerous device than a butane lighter, since a dropped match can continue to burn. From the plaintiff's viewpoint, it would seem then that a match producer must somehow warn of the danger that use thereof may cause a fire. Certainly there are a multitude of incidents of injury to untended and unsupervised children caused by playing with matches. Does this, it may be rhetorically asked, render the match manufacturer liable to the injured child?

■ The dangers presented by a fire-producing, hand-held tool are open and obvious to a reasonable and expected user of the lighter. This product is intended for use by adults only, not children. In oral argument plaintiff's counsel suggested that while the dangers of the use of such lighters are open and obvious to an adult, those dangers would not be similarly open and obvious to a small child playing with a lighter. While that is quite possibly correct, such a theory disregards the fact that a five-year old child is obviously not the expected or intended user of the butane lighter. Furthermore, to any intended user of the product, the open and obvious danger of permitting a cigarette lighter to fall into the hands of a playful, small child and the dreadful risk of a resulting calamity to the child or others, cannot reasonably be disputed.

In the instant case plaintiff contends that because of the number of children who are injured each year playing with these types of lighters, the injuries are foreseeable. By applying the test from *Owens*, plaintiff asserts that the risks of danger from using the lighter were unreasonable in light of these foreseeable injuries. *Owens* at 425, 326 N.W.2d 372.

■ However, courts "have never gone so far as to make sellers insurers of their products and thus absolutely liable for any and all injuries sustained from the use of those products." *Prentis v. Yale Mfg. Co.*, 421 Mich. 670, 365 N.W.2d 176 (1984). Although in the instant case injuries due to unsupervised children playing with the lighter may be foreseeable, such risks are not unreasonable. Pursuant to Michigan case law, the manufacturer must eliminate only risks that are *unreasonable* in light of foreseeable injuries.

In his brief plaintiff relied on a ruling from this district by Judge Feikens. In *Bondie v. Bic Corp.*, 739 F.Supp. 346 (E.D.Mich.1990) members of a family had suffered injuries in a house fire started by an unsupervised three-year old child playing with a Bic disposable lighter. Judge Feikens held that Bic did have a duty to make its lighter child-resistant. *Id.* at 349. However, in reaching that determination, Judge Feikens relied on the belief that the open and obvious exception had been obsolete in Michigan since 1982. *Id.* at 350. Four months after Judge Feikens' decision, the Michigan Supreme Court decided *Glittenberg, supra,* and confirmed that the open and obvious exception had not been repudiated in Michigan, particularly with respect to the use of a simple tool. Judge Zatkoff's opinion in *Raines, supra,* was issued five months after *Glittenberg*. Therefore, although the *Bondie* case may be more factually similar to the case at bar, this court relies on the holdings in *Glittenberg* and *Raines*. In addition, plaintiff conceded at oral argument that defendant Bic has no duty to make its disposable, butane lighters child-proof or even child-resistant.

At oral argument plaintiff also abandoned his claim that defendant Bic breached a duty to warn of the dangers of children playing with these lighters. Defendant Bic did include a warning on the lighter's packaging, perhaps even on the lighter itself depending upon the year it was manufactured.[1] In addition, both the mother

---

1. The lighter used in the incident is unavailable, as the mother threw it away after it ran out of butane.

**860**

and the father admitted they knew of the dangers of allowing unsupervised children to play with butane lighters. Any warning by the company would have been superfluous.

Having concluded as a matter of law that the defendant's lighter was a simple tool and that the dangers presented by it to a reasonable and expected user were open and obvious, the court finds that defendant Bic did not owe plaintiff a duty of care. Therefore, no genuine issue of material fact exists, and defendant Bic is entitled to summary judgment.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that defendant Bic's motion for summary judgment is GRANTED.