**Mitchell FLOYD and Donna Floyd, as Parents and Next Friends of Mindy Floyd, a Minor, Plaintiffs,**

v.

**BIC CORPORATION, Defendant.**

**Civ. A. No. 1:89–cv–401–RLV.**

United States District Court, N.D. Georgia, Atlanta Division.

Jan. 10, 1992.

---

Roy E. Barnes, Charles B. Tanksley, Barnes Browning Tanksley & Casurella, Marietta, Ga., Adcus Lee Crawley, Office of Adcus Lee Crawley, Smyrna, Ga., John R. Overchuck, pro hac vice, Overchuck Langa & Crews, Orlando, Fla., for plaintiffs.

Kent Taylor Stair, Robert Michael Ethridge, Webb Carlock Copeland Semler & Stair, Atlanta, Ga., Frank M. Palmour, John Edwin Fisher, pro hac vice, Fisher Rushmer Werrenrath Keiner Wack & Dickson, Orlando, Fla., for defendant.

## ORDER

VINING, District Judge.

This is a personal injury action in which the plaintiffs allege that a minor child was injured when she was burned as the result of an allegedly defective or negligently designed adjustable butane lighter manufactured by the defendant. Pending before the court is the defendant's motion for partial summary judgment on the issue of whether the defendant had a duty to manufacture a child-proof lighter.

In their complaint the plaintiffs allege that the defendant "negligently designed and manufactured the lighter" and that "the lighter, when sold by the defendant, the BIC Corporation, was defective and not merchantable and reasonably suited to the use intended." In answers to interrogatories, the plaintiffs indicated their intention to call expert witnesses to testify regarding the attractiveness of fire and lighters to children and regarding child safety measures for adjustable butane lighters. Because these answers indicated that the plaintiffs intended to assert a claim of liability based upon the fact that the defendant's product is "defective" or "negligently designed" because it is not child proof, the defendant has moved for partial summary judgment, seeking a determination by this court that it has no duty to manufacture a child-proof lighter.

In this diversity case, the court must, of course, apply state law. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In the instant case both the plaintiffs and the defendant agree that the Georgia appellate courts have not addressed the precise issue of whether a manufacturer has a duty to produce child-proof products. In such a situation this court must "make an educated guess as to how the state's supreme court would rule." *Benante v. Allstate Insurance Co.*, 477 F.2d 553, 554 (5th Cir.1973); *see also Flintkote Co. v. Dravo Corp.*, 678 F.2d 942 (11th Cir.1982). In trying to determine how the Georgia appellate courts would rule on the child-proofing issue, this court is guided by several well established principles of Georgia law.

In a products liability case predicated on negligence, the duty imposed is the traditional one of reasonable care and the manufacturer need not provide, from a design standpoint, a product incapable of producing injury.... Georgia law does not require a manufacturer to occupy the status of an insurer with respect to product design.... The manufacturer is under no obligation to make a machine "ac-

cident proof or foolproof," or even "more safe." ...

Honda Motor Co. v. Kimbrel, 189 Ga. App. 414, 418 [376 S.E.2d 379] (1988), quoted in Weatherby v. Honda Motor Co., 195 Ga.App. 169, 170 [393 S.E.2d 64] (1990).

If a "product is designed so that it is reasonably safe for the use intended, the product is not defective even though capable of producing injury where the injury results from an obvious or patent peril." Coast Catamaran Corp. v. Mann, 171 Ga. App. 844, 847, 321 S.E.2d 353 (1984), aff'd, Mann v. Coast Catamaran Corp., 254 Ga. 201, 326 S.E.2d 436 (1985).

Almost all jurisdictions which have considered the issue of child-proofing have relied upon the "open and obvious rule" and have found that manufacturers are not liable for failure to make adult products child proof. See Sedlock v. Bic Corp., 741 F.Supp. 175 (W.D.Mo.1990); Kelley v. Rival Manufacturing Co., 704 F.Supp. 1039 (W.D.Okl.1989). In the very few courts that have found a duty to child-proof adult products, the courts have rejected the "open and obvious rule" in favor of a "risk-utility balancing test." See Prentis v. Yale Manufacturing Co., 421 Mich. 670, 365 N.W.2d 176 (1984); Bondie v. Bic Corp., 739 F.Supp. 346 (E.D.Mich.1990) (under Michigan law, whether judicial policy will impose a duty is based on a balancing of the societal interests involved, the severity of the risk, the burden upon the defendant to meet the duty, the likelihood of occurrence, and the relationship between the parties).

■ Only one Georgia case has even hinted that Georgia would adopt the risk-utility balancing test. See Ogletree v. Navistar International Transportation Corp., 194 Ga.App. 41, 390 S.E.2d 61 (1989). To the extent that Ogletree suggested that Georgia had abandoned the "open and obvious rule" in favor of the risk-utility balancing test; however, it was specifically overruled in Weatherby v. Honda Motor Co., 195 Ga.App. 169, 393 S.E.2d 64 (1990). Indeed, Georgia's continued adherence to the "open and obvious rule"

was reaffirmed early last year in Gragg v. Diebold, Inc., 198 Ga.App. 823, 403 S.E.2d 229 (1991). In Gragg a bank employee was injured when she walked in on a armed robbery in the main lobby of the bank. The entrance through which she entered the main lobby was the only which did not have a warning light which would have alerted the plaintiff that a security problem existed. The court stated:

The security system is not alleged to be defective in the operational sense in that it did not contain the additional safety feature of a warning light in the vicinity of the entrance used by plaintiff. The absence of such an additional warning light was readily discernable upon an objective view of the security system, thus it was readily apparent that the security system could provide no warnings to persons traversing that entrance to the bank's lobby. Under the "open and obvious rule," a plaintiff is barred from recovery on theories of negligence or strict liability for injuries resulting from such obvious or patent perils.

198 Ga.App. at 824 [403 S.E.2d 229].

This court holds that the fact that a disposable butane lighter will create a flame is open and obvious. That such a lighter, even when free of any other alleged defects, can be dangerous when used by children is also open and obvious. Indeed, in their depositions the parents of the minor child who was burned in this case testified that they knew of such dangers and had warned their minor children not to play with lighters. For the foregoing reasons, this court holds that the defendant was under no obligation or duty to child proof the lighter at issue in this litigation.

■ The plaintiffs seek to distinguish the numerous cases cited by the defendant by arguing that Mindy Floyd was using the lighter exactly as it was intended to be used. "She was striking it in a normal manner. There was therefore no abuse or abnormal use. Mindy Floyd could not have assumed the risk of a lighter that was allowing fuel to blow out as a result of a manufacturing defect, and be deposited on the skin of Mindy Floyd." Plaintiffs' Brief

in Opposition to Defendant's Motion for Partial Summary Judgment at 13. In making this argument, the plaintiffs misconstrue the defendant's motion. This court agrees, and the defendant does not argue to the contrary, that if the lighter was, in fact, defective and allowed fuel to blow out and cause injury, the plaintiffs have a cause of action. The defendant has not sought summary judgment on the issue of whether there was a design or manufacturing defect in the lighter that would cause excessive butane to squirt out and catch fire. The defendant's motion for summary judgment is limited to where the only alleged defect in the lighter is the fact that a child could light it, thereby creating a flame. In granting the defendant's motion for partial summary judgment, this court holds simply that if the adjustable lighter at issue in this litigation was not otherwise "defective," the plaintiffs would not be entitled to recover for any injuries caused simply because the lighter operated the way it was intended to operate (*i.e.*, create a flame).

In summary, this court holds that the defendant had no duty to child proof the lighter at issue, and to the extent that the plaintiffs' complaint seeks to recover for such an alleged defect, the defendant is entitled to summary judgment. Therefore, the defendant's motion for partial summary judgment is GRANTED.

SO ORDERED.