Timothy W. GRIGGS and Catherine H. Griggs, Individually and as Parents and Natural Guardians of Zachary Griggs, A Minor, Plaintiffs,

v.

BIC CORPORATION, Defendant.

Civ. A. No. 1:CV–90–2125.

United States District Court, M.D. Pennsylvania.

March 16, 1992.

Richard B. Swartz, Caldwell & Kearns, Richard C. Angino, Joseph M. Melillo, Angino & Rovner P.C., Harrisburg, Pa., for plaintiffs.

Bradley Davis Miller, David E. Turner, Bingaman, Hess, Coblentz & Bell, Reading, Pa., Michael B. Oropollo, Hoagland, Longo, Oropollo & Moran, New Brunswick, N.J., for defendant.

## MEMORANDUM

CALDWELL, District Judge.

### I. *Introduction*

Plaintiffs, Timothy and Catherine Griggs (the Griggs), instituted this products liability action on behalf of their minor son, Zachary, for injuries sustained in a fire, allegedly started by a disposable butane lighter manufactured by defendant, BIC Corporation (BIC). Defendant has filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56. We will examine the motion under the well-settled standard. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### II. *Background*

On October 10, 1985, Kenneth Hempstead, Catherine Griggs' three-year-old son, awoke and obtained a BIC lighter from Timothy's pants pocket. He ignited the lighter, setting fire to a bed where eleven-month-old Zachary was sleeping. Zachary sustained serious injuries as a result. Plaintiffs contend that Zachary's injuries were caused by the unreasonably dangerous design of the BIC lighter which they claim is defective, not because it failed to perform in the manner for which it was designed, but because it was not child-proof.

## III. *Discussion*

The issue in the present action is whether, under Pennsylvania law, a manufacturer has a duty to child-proof a product, which: (1) is designed, manufactured, and marketed for use by adults, and (2) has a propensity for danger obvious to the ordinary consumer. This issue is one of first impression in Pennsylvania. We have carefully considered Pennsylvania's strict liability and negligence law, as well as persuasive authority from other jurisdictions and conclude that a manufacturer has no such duty.

Pennsylvania has adopted Section 402A of the *Restatement of Torts (Second)*, which provides in part:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property ...

Count I of the complaint alleges that defendant is strictly liable pursuant to 402A because it designed a lighter that was unreasonable dangerous to foreseeable users, i.e. young children. Additionally, plaintiffs contend that defendant was aware that: (1) annually there has been a high incidence of child related fires which result from playing with butane lighters; (2) children are attracted to the lighters because they are small and colorful; (3) children are able to produce a flame with the lighters; and (4) it is feasible and inexpensive to manufacture lighters designed with child-proof safety devices which would not impede use by adults. Plaintiffs argue, therefore, that because defendant knew, prior to the time of Zachary Griggs' accident, that it could and should have created a child-proof lighter, it had a legal duty to do so. For purposes of its motion for summary judgment, however, defendant accepts plaintiffs' feasibility allegations and emphasizes that the issue is restricted to whether defendant has a duty to make its lighter's child-proof, not whether it is feasible to do so, or whether danger to children was foreseeable.[1]

### A. Strict Liability

#### 1. *Design Defect*

■ It is not disputed that the lighter in question was not actually defective, and it performed the function for which it was designed, i.e. produce a flame. Defendant argues that the cause of Zachary Grigg's injuries was not a defect in or malfunction of the lighter, but was misuse of the product by an unintended user, i.e. a three-year-old child. Plaintiffs contend that, as a matter of public policy, Pennsylvania courts would conclude that a manufacturer has a duty to bear the risk of loss when an unsupervised child injures himself or others through misuse of a product intended for use by adults. They argue that when such product does not include a child-proof safety device it's design is defective and unreasonably dangerous.

■ We agree with defendant that were we to adopt the theories of liability suggested by plaintiffs, manufacturers of practically every conceivable household object, including matches, knives, stoves, scissors, etc., would be liable when unsupervised children are injured by them. Thus, a manufacturer would become an insurer for all injuries that result from use of its product. This result is clearly contrary to public policy. *Azzarello v. Black Bros. Co.*, 480 Pa. 547, 558, 391 A.2d 1020, 1026 (1978). That a product is capable of causing injury when in the hands of an unsupervised child, does not, of itself, render the product defective or unreasonably dangerous. This concept was summarized by the court in *Killeen v. Harmon Grain*

---

1. Defendant does not dispute that children in the past have been injured and have injured others through use of butane lighters. However, defendant appropriately points out the unreliability of plaintiffs' unsupported and unauthenticated evidence concerning defendant's intention to make its lighters child-proof, and the extent of its knowledge regarding injuries caused by them. Moreover, although injuries caused by an unsupervised child playing with a lighter may be foreseeable, such risk is not unreasonably dangerous. As will be discussed, a manufacturer has a duty to eliminate only those risks that are unreasonable in light of foreseeable injuries.

*Products, Inc.,* 11 Mass.App.Ct. 20, 413 N.E.2d 767 (1980):

> Toothpicks, like pencils, pens, needles, knives, razor blades, nails, tools of most kinds, bottles and other objects made of glass, present obvious dangers to users, but they are not unreasonably dangerous, in part because the very obviousness of the danger puts the user on notice. It is part of normal upbringing that one learns in childhood to cope with the dangers posed by such useful everyday items. It is foreseeable that some will be careless in using such items and will be injured, but the policy of our law in such cases is not to shift the loss from the careless user to a blameless manufacturer or supplier.

*Killeen, supra,* 413 N.E.2d at 770. Rather, it is the duty of a parent or supervising adult to keep items with obviously dangerous propensities out of the reach of children. Similarly, the court in *Byler v. Scripto–Tokai Corp. (Byler I),* No. 89–00–16–L, 1990 WL 358311 (D.Ky. July 27, 1990), described the "unreasonably dangerous" standard as follows:

> This court concludes, as a matter of law, that the defendant had no duty to childproof its lighters and the lighter was not unreasonably dangerous. To hold otherwise would require the court to conclude that the manufacturers of lighters, matches, stoves, and other potentially flammable items have a duty to childproof their products. Here, the defendant's product performed the function it was intended to perform and prudent manufacturers, being aware of the risk to children, would as defendant did here, place this product in the stream of commerce. *A product is not unreasonably dangerous simply because a child's use of the product results in unintended consequences.* In short, the lighter was not unreasonably dangerous under Kentucky law and therefore defendant is entitled to summary judgment on the issue.

*Id.,* slip. op. at 5–6.

Pursuant to the law of strict liability as applied by Pennsylvania courts, a product may not be deemed defective unless it is unreasonably dangerous to *intended users.* The case of *Azzarello, supra,* 480 Pa. at 558, 391 A.2d at 1026 is instructive. In *Azzarello* the court held that a product must be made "safe for its intended use." *Id.,* 480 Pa. at 558, 391 A.2d at 1026; *see also Lewis v. Coffing Hoist Div., Duff–Norton Co.,* 515 Pa. 334, 340, 528 A.2d 590, 592 (1987). Specifically, the court stated that a product is defective "where the product left the supplier's control lacking any element necessary to make it safe for its intended use or possessing any feature that renders it unsafe for the intended use." *Id.,* 391 A.2d at 1027.

Additionally, Pennsylvania courts have denied recovery under strict liability for persons injured by products which are not defectively manufactured, but are inherently dangerous. *See Berkebile v. Brantly Helicopter Corp.,* 462 Pa. 83, 337 A.2d 893 (1975). "The seller of a product is not responsible for harm caused by such inherently dangerous products as whiskey or knives that despite perfection in manufacture, design or distribution, can cause injury." *Hite v. R.J. Reynolds Tobacco Company,* 396 Pa.Super. 82, 578 A.2d 417, 420–21 (1990). Moreover, in applying Section 402A, the reasoning of the Pennsylvania courts is akin to the "consumer expectation" and the "open and obvious" tests employed by other jurisdictions.

Under the consumer expectation test, liability is imposed only if an article sold is dangerous to an extent beyond that "which would be contemplated by the ordinary consumer who purchases it with the ordinary knowledge common to the community as to its characteristics." *Restatement (Second) of Torts,* § 402A, comment i. "[T]he determination of whether a product is unreasonably dangerous is accomplished by evaluating whether the dangerous propensities of the product are known to the ordinary consumer." *Dauphin Deposit Bank and Trust Company v. Toyota Motor Corporation,* 408 Pa.Super. 256, 596 A.2d 845, 848 (1991); *Berkebile, supra,* 462 Pa. at 95–96, 337 A.2d at 899–900; *Hite, supra,* 578 A.2d at 420–21. In other words, a plaintiff must point to an identifia-

ble defect, independent of the product's inherent danger, to prove that it was in a defective condition and unsafe for its intended use. *Azzarello, supra,* 480 Pa. at 558, 391 A.2d at 1026; *Hite, supra,* 578 A.2d at 420. Thus, if the ordinary consumer would have expected the allegedly defective condition of the product, the seller is not strictly liable, regardless of the expectation of the person injured. *Azzarello, supra,* 480 Pa. at 555, 391 A.2d at 1025.

Similarly, according to the open and obvious test, generally applied by jurisdictions which have not adopted Section 402A, when the risks of using a product are open, obvious, and recognizable to the average adult consumer (such as allowing an unsupervised child access to an inherently dangerous product), the manufacturer may not be held liable under strict liability. *See Glittenberg v. Doughboy Recreational Industries, Inc.,* 436 Mich. 673, 462 N.W.2d 348 (1990).[2] "[T]he open and obvious danger rule obviates defendant's duty of care to plaintiff if (1) the defendant's product ... is a simple tool, and (2) the dangers of the [product] were open and obvious to a reasonable and *expected* user of the [product]." *Raines v. Colt Indus. Inc.,* 757 F.Supp. 819, 824 (E.D.Mich.1991) (emphasis added). The law of Pennsylvania is analogous to the compelling authority of other jurisdictions, which apply the aforementioned tests. "A disposable, butane lighter is unquestionably a simple tool," *Kirk v. BIC Corp.,* 771 F.Supp. 856 (E.D.Mich. 1991), "[t]he dangers of disposable butane lighters are both obvious and unavoidable," *Byler v. Scripto–Tokai Corp. (Byler II),*

Nos. 90–6112/90–6113 (6th Cir.1991) [944 F.2d 904 (Table)], and children are "obviously not the expected or intended user of the butane lighter." *Kirk, supra* at 859.

Plaintiffs argue that defendant had a duty to design its lighter in a manner that would have rendered it safe for unintended use by an unintended user, because such misuse was foreseeable.[3] However, as indicated, this requirement would put a manufacturer in the role of an insurer of every injury caused by its product. Such a duty is expressly rejected in the majority of jurisdictions and is contrary to public policy and Pennsylvania law. *Azzarello, supra,* 480 Pa. at 553, 391 A.2d at 1024; *Berkebile, supra,* 462 Pa. at 95, 337 A.2d at 899. In Pennsylvania, the duty to make a product safe extends only to intended uses, not all foreseeable misuses by unintended persons. *Id.*

Plaintiffs also contend that the "risk-utility test" is applicable to the present matter. If applied here, a manufacturer may have a duty to child-proof its product when it is aware of the likelihood that children will have access to it, and when it is feasible to design a child-proof product. However, Pennsylvania courts have flatly rejected application of the risk-utility test in design defect cases. *See, Dauphin, supra,* 596 A.2d at 849 ("we expressly rejected the application of a risk-utility approach to design-defect cases under § 402A"); *Hite, supra,* 578 A.2d at 421 ("risk utility approach was not embraced [in *Azzarello*] ... federal courts have recognized the Pennsylvania Supreme Court's refusal to embrace the risk-utility analysis

**2.** Plaintiffs refer to the case of *Bondie v. BIC Corp.,* 739 F.Supp. 346 (E.D.Mich.1990), which held that the open and obvious rule was deemed obsolete in Michigan and should be used only when the product in question is a simple tool. The court ruled against BIC, inferring that its lighters were not simple tools. However, the *Bondie* decision was later distinguished by the same district court in *Kirk v. BIC Corporation,* 771 F.Supp. 856 (E.D.Mich.1991), which held that BIC had no legal duty to childproof its lighters. In *Kirk,* the court applied the open and obvious rule, stating that "a disposable, butane lighter is unquestionably a simple tool." *Id.* at 858. In fact, the court held, in applying the "safe for intended use theory" analogous to Pennsylvania law, that children are "obviously

not the expected or intended user of the butane lighter ... [T]o any intended user of the product, the open and obvious danger of permitting a cigarette lighter to fall into the hands of a playful, small child and the dreadful risk of a resulting calamity to the child or others, cannot reasonably be disputed." *Id.* at 859. The court criticized Judge Feikens's opinion in *Bondie* as incorrect, because he based his decision on the open and obvious test being obsolete, which it was not.

**3.** Thus, plaintiff concedes that children are not the expected or intended user of a butane lighter. *See Kirk, supra* at 859.

and have held that [design defect] claims based upon such an approach are not cognizable in Pennsylvania"); *Miller v. Brown & Williamson Tobacco Corporation,* 679 F.Supp. 485, 489 (E.D.Pa.1988) (risk-utility theory of liability inapplicable); *Gunsalus v. Celotex Corporation,* 674 F.Supp. 1149, 1158 (E.D.Pa.1987) (risk-utility test not adopted in Pennsylvania). Rather, "[w]hether products should be banned or whether absolute liability should be imposed are determinations more appropriately made by the legislative branch of the government". *Id.*[4]

Numerous jurisdictions have addressed the precise issue whether a manufacturer of lighters or other inherently dangerous products intended for adult use, have a duty to child-proof such products. It is well-settled in the vast majority of those jurisdictions that a manufacturer has no such duty under either strict liability or negligence theories.[5] The following cases have specifically addressed the issue in relation to butane lighters, concluding that manufacturers have no duty to make their lighters child-proof: *Floyd v. BIC Corporation,* 790 F.Supp. 276 (N.D.Ga., 1992); *Todd v. BIC,* No. 90–C–5487, 1992 WL 4971 (N.D.Ill., January 7, 1992) (there is no duty to child-proof a product intended for adult use; injuries caused when a lighter is used by an unsupervised child is a danger recognizable to the average adult consumer); *Byler I, supra,* slip. op. at 6 (defendant has no duty to protect children from the risk created by a properly functioning lighter

and is not an insurer for such product's safety); *Lasseigne v. BIC Corporation,* No. GC–G–391 (Fla.Cir., May 31, 1989) (product not defective simply because dangerous when in the hands of a child); *Kirk v. BIC Corporation,* 771 F.Supp. 856 (E.D.Mich.1991); *Wise v. BIC Corporation,* No. 88–59914–DP (Mich.Cir., July 3, 1990) ("court finds no duty to extend liability to manufacturer of an adult product for not making it 'child-proof' "); *Adams v. Perry Furniture Co.,* No. 85–320049–NP (Cir.Ct. Oakland County, Mich., May 3, 1989); *Byler v. Scripto–Tokai Corporation,* 944 F.2d 904 (6th Cir.1991); *Kelley v. Rival Mfg. Co.,* 704 F.Supp. 1039 (W.D.Okla.1989); and *Sedlock v. BIC Corp.,* 741 F.Supp. 175 (W.D.Mo.1990) (no legal duty to child-proof a lighter for purposes of strict liability). These courts found that butane lighters may not be deemed unreasonably dangerous or defective simply because, in the hands of a child, their use results in unintended consequences. Rather, such lighters are products ordinarily purchased by adults who are capable of realizing their danger.

In *Floyd, supra,* the court held that if a "product is designed so that it is reasonably safe for the use intended, the product is not defective even though capable of producing injury, where the injury results from an obvious or patent peril." *Id.* at 278. The court concluded that BIC had no duty or obligation to child-proof its lighter because it was obvious that a lighter would be dangerous if used by children. *Id.* at 278–79. Moreover, the majority of courts

---

**4.** Plaintiffs rely upon *Burch v. Sears, Roebuck and Co.,* 320 Pa.Super. 444, 467 A.2d 615, 618–620 (1983), for the proposition that a "utility balancing test" is applied by Pennsylvania courts when determining whether a product's design is unreasonably dangerous. In *Burch* the court weighed the "utility of the product against the seriousness and likelihood of injury and the availability of precautions that, though not foolproof, might prevent the injury." However, the decision in *Burch* indicated that balancing is applied only when the product is found to be unsafe for its intended use. Thus, the issue in the present action is not whether defendant could or should have made a more child-resistant lighter, but whether it had a legal duty to do so. Without a showing of duty pursuant to the "safe for intended use" stan-

dard, the issues of foreseeability and feasibility are irrelevant. Additionally, the balancing test in *Burch* was employed to determine whether the case should be submitted to the jury, and is different from the pure negligence risk-utility analysis utilized in other jurisdictions. *Foley v. Clark Equipment Co.,* 361 Pa.Super. 599, 617, 523 A.2d 379, 388 (1987) (*citing Azzarello, supra* ).

**5.** These jurisdictions find that the question of whether a manufacturer has a duty to make its lighters child-proof is a question of law to be determined by the court. *See Todd v. BIC Corp.,* No. 90–C–5487, 1992 WL 4971 (N.D.Ill., January 7, 1992).

agree that the duty to keep lighters away from children rests with the supervising adults. *See Byler II, supra,* which stated:

> [T]he list of helpful tools perfectly safe in adult hands but dangerous in the hands of unsupervised children is endless. In all these cases, the utility of the tool is high and the probability of harm is virtually nil when a child is properly supervised ... When the risk of harm is so low, and requires misbehavior [or inadvertence or negligence] on the part of the supervising adults to cause it to occur, we cannot hold that a manufacturer has acted unreasonably.

*Id.,* slip. op., at 10.

Upon careful consideration of design defect cases in Pennsylvania, the persuasive authority of other jurisdictions, and the public policy considerations surrounding the application of Section 402A, we conclude that defendant in the present action had no duty to child-proof its lighters and that it was not defective or unreasonably dangerous. Defendant, therefore, is entitled to summary judgment on plaintiffs' claim of strict liability for defective design.

### 2. *Failure to Warn*

▇ Count I of the complaint alleges that the lighter was defective for failure to adequately warn that it could "readily be used by young children to light fires." It is well-established under Pennsylvania law that a manufacturer has no duty to warn where a product's propensity for danger is open and obvious, and the dangers inherent in a butane lighter are known to the ordinary consumer. "If the dangers are known, then the product is not defective and the manufacturer is under no duty to provide a warning." *Dauphin, supra,* 596 A.2d at 847–49. "[W]arnings must be directed to the understanding of the *intended user* ... A warning of inherent danger is sufficient if it adequately notifies the intended user of the *un*obvious danger inherent in the product." *Mackowick v. Westinghouse Electric Corp.,* 525 Pa. 52, 56, 575 A.2d 100, 102 (1990) (emphasis added); *see also, Todd, supra,* slip. op. at 11–12. Obviously the risk posed by a butane lighter that is accessible to young children is open, obvious, and within the common knowledge of the ordinary consumer. A manufacturer has "no duty to warn potential users of that which is known to most people." *Dauphin, supra,* 596 A.2d at 849.

The dangers of defendant's lighters was well-known to plaintiffs in the instant case by their own admission. Catherine Griggs testified in her deposition that she: (1) had previously seen warnings on defendant's lighter packages to "Keep Out of Reach of Children" and "Keep Away From Children;" (2) was aware that the lighters could be dangerous if used by children; (3) knew her son, Kenneth Hempstead, had a propensity to play with matches and lighters and was capable of starting a fire with them; (4) previously warned her son not to play with lighters because they were dangerous; and most importantly, (5) was aware that a butane lighter should be kept out of the reach of children. By this testimony it is established in the present case that the risks inherent in leaving lighters where young children may obtain them are so obvious that defendant was under no duty to warn plaintiffs of them. Had the Griggs heeded their knowledge about the danger of a lighter falling into the hands of a child, the risk of injury in this case would have been eliminated. Defendant, therefore, is entitled to summary judgment on plaintiffs' claim of failure to warn.

### B. Negligence

Finally, Count II of the complaint allege that defendant was negligent because, despite its knowledge of the dangerous propensities of its lighters and awareness of methods for making them child-proof, it breached its duty to make the lighters safe for foreseeable use by children. Pursuant to Pennsylvania products liability law, to show negligence, plaintiffs must prove that: (1) defendant owed them a duty; (2) defendant breached that duty; and (3) the breach was the proximate cause of the alleged injury. *Dauphin, supra,* 596 A.2d at 849–850; *Toth v. Economy Forms Cor-*

*poration,* 391 Pa.Super. 383, 387, 571 A.2d 420, 422 (1990).[6]

Prior to establishing fault (the distinguishing element between strict liability and negligence), plaintiffs must show that defendant owed them a duty. Pennsylvania courts have consistently applied the identical duty requirement to strict liability and negligence claims. *Azzarello, supra,* 480 Pa. at 558, 391 A.2d at 1026; *Dauphin, supra,* 596 A.2d at 850–51 (duty requirement the same under both strict liability and negligence); *see also Dambacher v. Mallis,* 336 Pa.Super. 22, 59, 485 A.2d 408, 427 (1984) (the *"Restatement* formulation of strict liability in practice, rarely leads to a different conclusion than would have been reached under laws of negligence"). As indicated, the test is whether the manufacturer had a duty to design a product which is safe for its intended use. We have determined that defendant does not have a duty to child-proof its lighters, and thus we rule that no such duty exists under a negligence theory. *See also Byler I, supra* ("the failure to child-proof cannot give rise to actionable negligence"). We conclude that plaintiffs are unable to establish a prima facie case of negligence, and thus there arguments concerning foreseeability are irrelevant. We conclude that defendant is entitled to summary judgment on plaintiffs' negligence claim.[7]

### IV. *Conclusion*

Upon consideration of the precedents cited by defendant, we find that the lighter in question is not unreasonably dangerous or defective because it is not child-proof or because the warning label was not adequate. The lighter was designed and man-

ufactured with the intention that it be used exclusively by adults and the inherent danger of the lighter, particularly when in the hands of children, is open and obvious to the ordinary consumer (and was admittedly obvious to the plaintiffs in the present case). Plaintiffs have failed to raise a genuine issue of fact for trial, and we will grant summary judgment on all counts.

---

**6.** Although damages and causation are matters for the jury, the question of legal duty is for the court. Absent a showing of duty by plaintiffs, their negligence claim must fail, even if the harm at issue was foreseeable.

**7.** We acknowledge that at least one court has held that under a negligence theory a manufacturer does have a duty of ordinary care "to every other person" to assure that its activities prevent foreseeable injury. Therefore, a manufacturer has a duty to protect young children from "the potential ill effects of its lighters." On that premise, the court in *Byler II, supra,*

determined that the duty requirements were not necessarily the same under strict liability and negligence when determining whether a product was defectively designed. *Id.,* slip. op. at 8. Nevertheless, the court concluded that "as a matter of law, the [manufacturer's] failure to childproof its lighters does not constitute a breach of that duty." *Id.* at 9. The court reasoned that a manufacturer has a duty to protect others from harm, but only when the risk of harm is *unreasonable,* and that the failure to child-proof lighters does not create an unreasonable risk of harm to children. *Id.* at 9.