Lamar E. TROUP

v.

TRI–COUNTY CONFINEMENT
SYSTEMS, INC.

v.

RIGIDPLY RAFTERS, Brubaker
Builders, Paul D. Ottens, P.E.
and Mitek Industries.

Appeal of TRI–COUNTY
CONFINEMENT
SYSTEMS, INC.

Superior Court of Pennsylvania.

Argued Oct. 30, 1997.

Filed Feb. 27, 1998.

Pamela S. Parascandola, Harrisburg, for appellant.

Robert J. Powell, West Hazleton, for Rigidply Rafters, appellee.

Susan M. Kadel, Lancaster, for Mitek Industries, appellee.

Before FORD ELLIOTT, EAKIN and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This appeal is from a trial court order granting summary judgment for appellees, Rigidply Rafters (Rigidply) and Mitek Industries (Mitek). We hold that the trial court erred in granting summary judgment based on spoliation of evidence.

On March 4, 1994, the roof of a hog barn owned by the original plaintiff in this action collapsed. The roof was constructed by appellant Tri–County Confinement Systems, Inc. (Tri–County), the original defendant. Tri–County cross-claimed against Rigidply and Mitek on strict product liability and negligence theories. The trial court found that Tri–County's claim was barred by its failure to produce key evidence for defense inspection. The sole issue on this appeal is whether the trial court correctly concluded the so-called "spoliation doctrine" requires the entry of summary judgment against Tri–County.

■ Summary judgment is appropriate where "there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by discovery or expert report." Pa.R.C.P. 1035.2(1). Summary judgment is also warranted "if, after completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce sufficient evidence of facts essential to the cause of action or defense" to submit the question to a jury. Pa. R.C.P. 1035.2(2). In reviewing a grant of summary judgment, an appellate court "must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *State Farm Auto. Ins. v. Universal Ins.*, 549 Pa. 518, 521, 701 A.2d 1330, 1331 (1997) (citation omitted). "Our scope of review is plenary." *Id.* We will only affirm a grant of summary judgment "in those cases which are free and clear of doubt." *Id.* These facts follow.

Rigidply supplied Tri–County with roof trusses manufactured according to a design reviewed and approved by Mitek. These trusses were used in the construction of a hog barn roof that collapsed early in the morning of March 4, 1994. Tri–County was immediately notified of the collapse and that same morning erected reinforcements to prevent further collapse of the barn. Later, Tri–County reconstructed the roof. Before this work was commenced, Rigidply representatives inspected the site. Deposition of Lamar Troup 11/9/95 at 26; deposition of Galen Weaver 5/10/96 at 89. Mitek, on the other hand, was not notified of the collapse prior to the removal of the trusses and did not investigate the site before the roof was reconstructed. Deposition of James Bondor 12/13/95 at 11; deposition of Stephen Cabler 12/13/95 at 18; deposition of Joseph Carr, Jr. 12/13/95 at 34. During reconstruction, Tri–County removed both broken and unbroken portions of the roof and placed them in a nearby field. Deposition of Galen Weaver 5/10/96 at 68. When Tri–County refused to pay reconstruction costs, the original plaintiff sued Tri–County who, on February 16, 1995, filed a complaint for indemnification and contribution against Rigidply and Mitek. Damaged portions of the roof remained on the original plaintiff's property until sometime shortly before December 13, 1995, when they were removed and destroyed. Deposition of Scott E. Garrison 12/13/95 at 39.

■ The trial court granted summary judgment for Rigidply and Mitek under the spoliation doctrine, holding, *inter alia,* that "a products liability action may not go forward without preservation of the allegedly defective product and product fragments." Trial court opinion at 4. In deciding whether dismissal was required under the spoliation doctrine, the trial court followed *Schroeder v. Department of Transportation,* 676 A.2d

727 (Pa.Commw.1996), *appeal granted*, 546 Pa. 672, 685 A.2d 549. In *Schroeder*, the Commonwealth Court held that dismissal is appropriate whenever a plaintiff fails to produce the allegedly defective product for defense inspection. The *Schroeder* court stated, "[t]he case law is clear, where a plaintiff brings an action alleging an injury as a result of a defective product it is the plaintiff's duty to preserve the product for defense inspection or forfeit the claim." 676 A.2d at 730. We have soundly rejected this *per se* interpretation of the spoliation doctrine.[1] *See Smitley v. Holiday Rambler Corp.*, 707 A.2d 520 (Pa.Super.1998); *Sebelin v. Yamaha Motor Corp*, 705 A.2d 904 (Pa.Super.1998); *Dansak v. Cameron Coca–Cola Bottling Co. Inc.*, 703 A.2d 489 (Pa.Super.1997); *Long v. Yingling*, 700 A.2d 508 (Pa.Super.1997); *O'Donnell v. Big Yank*, 696 A.2d 846 (Pa.Super.1997). Instead, we have held that the following considerations should guide a court deciding spoliation issues: (1) the degree of fault of the offending party, (2) prejudice to the opposing party, and (3) the appropriateness of sanctions in light of those circumstances. *Smitley v. Holiday Rambler Corp.*, *supra* at 527 (citing *Dansak v. Cameron Coca–Cola Bottling Co. Inc.*, 703 A.2d 489); *Sebelin v. Yamaha Motor Corp*, 705 A.2d at 909–10. Applying the foregoing analysis, we find that, on the record before it, the trial court erred in dismissing Tri–County's claim.

Tri-County has not significantly prejudiced appellees' ability to defend this case. As to the manufacturing defect claim, appellees had ample opportunity to prepare a defense as Rigidply was permitted to investigate the site prior to the removal of the rafters, and the rafters themselves were available for inspection for over a year. Moreover, Tri–County photographed the site and made such photographs available to the defense. Rigidply does not claim Tri–County prevented it from inspecting either the site or the allegedly defective rafters. At most, it claims it was unable to conduct as thorough an investigation as it would have preferred. To defend

Tri–County's design defect claim, appellees need only demonstrate that under the conditions that were present on the day of the collapse, like trusses constructed according to Mitek's design would not fail. *See Big Yank, supra* at 849. Neither production of the actual trusses nor an examination of the undisturbed accident site is necessary to this defense.

■ Even where defendants do not suffer serious prejudice, a plaintiff's willful and knowing destruction of evidence is sufficient to warrant sanctions under the aforementioned analysis. The trial court found that Tri–County failed to preserve the defective trusses. Furthermore, Rigidply contends the defective trusses were removed from the barn and placed in a nearby field without any attempt made to identify or set apart the defective trusses for Rigidply's inspection. Rigidply's brief at 3–4. Thus, it appears that Tri–County had control over the trusses but failed to preserve them in order for Rigidply to complete its investigation.

While sanctions may be appropriate, we conclude that these facts do not alone justify dismissal as a matter of law. Our finding is based on the record as presented to us on this motion. We do not pass judgment on whether, after further proceedings on this matter (including further discovery if necessary), dismissal would then be warranted. The court, however, must conduct a full multi-factored spoliation analysis.

■ Notwithstanding our conclusion that the spoliation doctrine does not require dismissal, we may affirm the decision below if we conclude Tri–County failed to establish a *prima facie* case. *See Black v. Black*, 441 Pa.Super. 358, 657 A.2d 964 (1995) ("An appellate court may affirm the actions of a trial court for reasons other than those proffered by the trial court hearing such matter"). The record, however, contains sufficient evidence to sustain Tri–County's claims. We find that Tri–County is prepared to introduce evidence, which, if believed, would entitle it to relief under the law.[2] To bring a strict

---

1. Commonwealth Court cases are not binding on this Court. *See Dansak, supra*, at 493 n. 4.

2. Tri-County premises liability on both negligence and strict product liability theories. On appeal, however, the parties only argued the

product liability action Tri–County must prove the trusses were defective and such defect caused the claimed injuries. *See Dietrich v. J.I. Case Co.*, 390 Pa.Super. 475, 568 A.2d 1272 (1990). Tri–County must also prove the existence of the defect when the product left defendants' control. *See Toth v. Economy Forms Corp.*, 391 Pa.Super. 383, 571 A.2d 420 (1990). Here, Tri–County is prepared to present photographs and expert testimony in support of its manufacturing defect claim. *See* Report of Bernard McNamee, P.E. 7/5/94 at 3 (referencing on-site inspection and photographs in support of conclusion that fabrication errors caused the collapse).

■ Moreover, even if this direct evidence were legally insufficient to establish a defect, Tri–County could proceed on a malfunction theory of liability.

> When proceeding on a malfunction theory the plaintiff may "present a case-in-chief evidencing the occurrence of a malfunction and eliminating abnormal use or reasonable, secondary causes for the malfunction." From this circumstantial evidence a jury may be permitted to infer that the product was defective at the time of sale.

*Long, supra* at 514 (quoting *O'Neill v. Checker Motors Corp.*, 389 Pa.Super. 430, 567 A.2d 680, 682 (1989)); *see Troy v. Kampgrounds of America, Inc.*, 399 Pa.Super. 41, 581 A.2d 665 (1990).

Tri–County is also prepared to produce evidence sufficient to sustain its design defect claim. Tri–County need not produce the actual trusses to satisfy this burden. *See Big Yank, supra.* Tri–County is prepared to introduce evidence proving that like trusses constructed according to Mitek's design would collapse under the conditions alleged. *See* Report of Bernard McNamee, P.E. 7/5/94 (based on his calculations, design defect contributed to extent of damage caused by initial failure due to manufacturing error).

Thus, we conclude remand is necessary to allow the trial court to decide what, if any, sanctions are appropriate according to the spoliation doctrine as recently interpreted by

this Court. *See generally* Pa.R.Civ.P. Rule 4019 (granting power to court to order appropriate sanctions for party's failure to satisfy request for production or inspection). Among the sanctions available to the trial court are dismissal, *see* Rule 4019(c)(3); striking out pleadings or portions thereof, *id.*; prohibiting the introduction of evidence, *see* Rule 4019(c)(2); and, permitting the inference at trial that the destroyed evidence would have been harmful to plaintiff. *See Robinson v. Alston*, 413 Pa. 296, 197 A.2d 40 (1964). At the conclusion of such proceedings, the trial court will be positioned to determine whether, in light of the sanction imposed, Tri–County is able to proceed to trial.

Remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

FORD ELLIOTT, J., concurs in the result.

viability of Tri–County's products liability claim in relation to the spoliation doctrine. As the

sufficiency of Tri–County's negligence claim was not addressed below we decline to consider it.