499 A.2d 1109

**Harry HERLEMAN and Verna Herleman, his
wife, Appellants,**

**v.**

**TRUMBAUER AUTO SALES.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1985.

Filed Nov. 1, 1985.

Robert M. Davison, Easton, for appellants.

Maria C. Mullane, Allentown, for appellee.

Before SPAETH, President Judge, and HOFFMAN and HESTER, JJ.

HESTER, Judge:

This is an appeal from an order denying appellants' motion to remove the nonsuit which had been entered at the end of their case as plaintiffs in an action for personal injury. We find no error in entry of the nonsuit, and affirm the order.

Appellants are a welder with forty years' experience (hereinafter, "appellant") and his wife. Appellant had been acquainted with Mr. Trumbauer, president of appellee corporation, for many years, and had performed various work

for him in exchange for auto parts and services. Appellant was engaged to repair a leaking steel tank which was part of appellee's air compressor.

Appellant first removed the motor and compressor from the tank, then visually examined the tank and noticed several pinholes near the bottom. He tapped the tank with a hammer to determine its thickness. As a result, the pinholes were enlarged to about the thickness of a toothpick. He thought the two small holes may have been caused by rust. He tried to look inside the tank but could not see anything since the opening was too small.

After preparing the surface of the tank, appellant brazed the area he thought was leaking, using a process similar to welding. After his work cooled, he checked for leaks by applying air pressure to the tank while brushing soapy water on the surface he had brazed. Soap began to bubble around a leak he had missed. He repeated the brazing process on this leak.

Appellant reapplied pressure to the tank to test it again, and it exploded, causing serious personal injuries.

At his negligence trial, appellant proved additional facts. The tank which exploded had been purchased by appellee around 1953. It had been used to hold compressed air to operate hoists and tools in the garage for about twenty years, when a larger tank had been purchased. Mr. Trumbauer drained the tank of moisture almost every day, a normal maintenance procedure, and continued to drain it even when it was in storage after the larger tank had been installed. It had not been drained, however, for three or four months immediately prior to the explosion.

Appellants' metallurgy expert, who examined the tank after the explosion, testified that the inside of the tank was so heavily corroded that portions of the tank remained intact only because of brazing which had been performed previously by other tradesmen. He testified that several months without drainage would probably have accelerated the corrosion.

At the conclusion of appellants' case, the court entered a compulsory nonsuit, holding that this was a clear case in which all the facts and circumstances could only point to the absence of liability. The court was aware that a nonsuited plaintiff must be given the benefit of every fact and reasonable inference arising from the evidence, and any conflict in the evidence must be resolved in his favor. *Morena v. South Hills Health System*, 501 Pa. 634, 638, 462 A.2d 680, 682–83 (1983).

The court analyzed the case as a bailment for repair and correctly applied section 388 of the Restatement (Second) of Torts. This section provides:

> **§ 388. Chattel Known to be Dangerous for Intended Use**
>
> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier
>
> (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
>
> (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
>
> (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

The trial court held that appellants failed to show facts which make out a case under section 388, and denied appellants' motion to remove the nonsuit.

Appellants argue that the trial court erred in concluding that their evidence satisfied neither the first nor the second of the requirements of section 388. They claim they presented sufficient evidence so that the jury could reasonably infer that both elements had been proven.

■ First, they argue that Mr. Trumbauer should have known the tank was dangerous. Based on his testimony that he had to drain the tank on an almost daily basis, the jury could have charged him with knowledge that the tank was heavily corroded and therefore dangerous. There was no evidence which suggested that the water drained from the tank appeared rusty. We agree with the trial court that the record contains scant evidence from which the jury could infer Mr. Trumbauer's knowledge of the dangerously rusted condition of the tank.

■ Even less persuasive is the second argument: that Mr. Trumbauer had no reason to believe that his experienced welder would realize the danger. Appellant's position is anomalous. He argues that Mr. Trumbauer, with no metallurgical skill, should have realized the dangerous condition of the tank's interior, yet he himself, with forty years' welding experience, including work on a hundred similar tanks, had no reason to realize the danger. Even if the jury could have imputed knowledge of the danger to Mr. Trumbauer, it could not reasonably have failed to require at least equal awareness by appellant.

Accordingly, we hold that entry of the nonsuit was proper, and affirm the order of the trial court.