CERCONE, Judge:
 

 This is an appeal from the order sustaining appellee’s Preliminary Objections filed in the nature of a demurrer. We affirm.
 

 On appeal, plaintiff/appellant raises four issues for our consideration:
 

 1. Did the trial court err in its ruling that the dangers of consumption of alcoholic beverages were so obvious and well known to the consuming public, as a matter of law, as to preclude Plaintiff from proving that Defendant’s [sic] failure to provide adequate directions or instructions regarding the use of its product rendered that product defective for the purposes of Plaintiff’s strict liability in tort and breach of warranty claims?
 

 2. Did the Trial court err in holding that, as a matter of law, the risks associated with alcoholic consumption do not outweigh their social utility?
 

 3. Did the trial court err in ruling that the dangers of consumption of alcoholic beverages were obvious, as a matter of law, so as to preclude Plaintiff from proving that Defendant Campari USA, Inc. negligently failed to provide adequate warnings of the hazards associated with the use of its alcoholic product?
 

 4. As a matter of public policy, should an innocent and injured victim of a drunken driver be permitted to maintain an action for damages against the manufacturer of the alcohol consumed by the drunken driver?
 

 We will address each issue below.
 

 The present case arose out of a motor vehicle accident that took place in January of 1988 wherein Rita M. Baxter suffered severe injuries rendering her an incompetent. Appellant, Dauphin Deposit Bank and Trust Company, Ms.
 
 *260
 
 Baxter’s guardian, initiated suit against appellee Campari USA, Inc. (“Campari”) and a number of other defendants. Appellant pleaded causes of action in negligence, strict liability in tort, and breach of warranty against appellee, Campari. In response, Campari filed Preliminary Objections in the nature of a demurrer to all of appellant’s contentions. On May 17, 1990, the parties argued before a panel of the Court of Common Pleas of Dauphin County and on July 6, 1990, the Court by the Honorable Sebastian D. Natale, issued an order sustaining all of Campari’s Preliminary Objections. Appellant subsequently filed this timely appeal.
 

 We note initially that in an appeal from an order sustaining preliminary objections in the nature of a demurrer, the appellate court applies the same standard employed by the trial court: all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for the purposes of review.
 
 Kyle v. McNamara & Criste,
 
 506 Pa. 631, 634, 487 A.2d 814, 815 (1985). However, it does not admit conclusions of law.
 
 Wicks v. Milzoco Builders, Inc.,
 
 503 Pa. 614, 623, 470 A.2d 86, 91 (1983). The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible.
 
 Kyle v. McNamara & Criste, supra.
 
 A demurrer should be sustained only in cases where the plaintiff has clearly failed to state a claim on which relief may be granted.
 
 Philmar Mid-Atlantic, Inc. v. York Street Associates II,
 
 389 Pa.Super. 297, 301, 566 A.2d 1253, 1254-55 (1989);
 
 Wicks v. Milzoco Builders, Inc., supra.
 
 A demurrer should not be sustained if there is any doubt as to whether the complaint adequately states a claim for relief under any theory of law.
 
 Id.
 

 Appellant’s first contention is that the trial court incorrectly determined that the dangers of alcohol consumption are so known and obvious as to preclude it from being considered a defective product. The foundation for appellant’s argument is that recent cases involving the liability of cigarette manufacturers indicate that the Restatement (Sec
 
 *261
 
 ond) of Torts Section 402A, comments i and j, do not preempt a strict liability or breach of warranty claim against makers of alcoholic beverages. By analogy to these cases, appellant attempts to argue that Campari’s products are not defective because of their inherent ability to produce an intoxicated state; rather they are defective because they produce this state of mind without an attached label warning customers of the dangers associated with intoxication. We find this argument meritless.
 

 We note that Section 402A has been adopted as the law of Pennsylvania.
 
 Webb v. Zern,
 
 422 Pa. 424, 220 A.2d 853 (1966). Section 402A imposes strict liability on the seller of any product that is in a defective condition and unreasonably dangerous to the user or consumer. Comment j to § 402A states in substance that the maker of an unreasonbly dangerous product may be required to warn potential users of the product’s dangerous propensities. Comment i to § 402A provides a rough guideline for the courts to use in determining whether a product may be classified as “unreasonably dangerous.” To quote:
 

 The article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics. Good whiskey is not unreasonably dangerous merely because it will make some people drunk, and is especially dangerous to alcoholics; but bad whiskey, containing a dangerous amount of fusel oil, is unreasonably dangerous. Good tobacco is not unreasonably dangerous merely because the effects of smoking may be harmful; but tobacco containing something like marijuana may be unreasonably dangerous.
 

 Restatement (Second) of Torts § 402A, comment i (1965).
 

 Appellant attempts to circumvent the clear language of comment i by first attacking its viability and then arguing that this case is similar to those cases involving suits against cigarette manufacturers. Finally, appellant argues that the recent passage of the Alcoholic Beverage Labeling
 
 *262
 
 Act
 
 [1]
 
 provides support for the contention that people were not aware of the dangers of drinking and driving at the time of this accident.
 

 First, we find absolutely no merit to appellant’s claim that much of comment i has been rejected by the courts of Pennsylvania. On the contrary, we find that Pennsylvania courts have unflinchingly affirmed the mandates provided by section 402A and its accompanying comments.
 
 See Azzarello v. Black Bros. Co.,
 
 480 Pa. 547, 391 A.2d 1020 (1978) (employing 402A and comment i to determine whether product was defective);
 
 Hite v. R.J. Reynolds Tobacco Co.,
 
 396 Pa.Super. 82, 578 A.2d 417 (1990) (discussing the applicability of a risk/utility analysis in a 402A action);
 
 Lewis v. Coffing Hoist Division, Duff-Norton Co., Inc.,
 
 515 Pa. 334, 528 A.2d 590 (1987) (discussing whether evidence of industry standards is properly admissible in a 402A action). We also find appellant’s reliance on cases involving cigarette manufacturers to be misplaced.
 

 Appellant contends that this court’s recent decision in
 
 Hite, supra,
 
 compels the conclusion that Pennsylvania courts recognize causes of action for failure to warn claims and that the question of common knowledge under § 402A, comment i, is an issue for the jury to decide. While we agree with appellant that our courts recognize such claims, we fail to see how appellant can maintain its allegation that the jury is the proper forum to decide whether the risks of drinking alcohol are of common knowledge. As previously stated, the determination of whether a product is unreasonably dangerous is accomplished by evaluating whether the dangerous propensities of the product are known to the ordinary consumer. Restatement (Second) of Torts § 402A, comment i. If the dangers are known, then the product is not defective and the manufacturer is under no duty to provide a warning. Moreover, “[t]he determinations of whether a warning is adequate and whether a product is ‘defective’ due to inadequate warnings are questions of law to be answered by the trial judge.”
 
 Mackowick v. Westing
 
 
 *263
 

 house Electric Corporation,
 
 525 Pa. 52, 56, 575 A.2d 100, 102 (1990).
 
 See also Azzarello v. Black Bros. Co., Inc., supra,
 
 (it is a judicial function to determine whether recovery is justified under § 402A). By alleging that these questions are all issues for the jury to decide, appellant has ignored the clear pronouncements from the courts of this Commonwealth. Apparently appellant believes that our recent approval and application of a Third Circuit decision interpreting New Jersey law binds this court to apply the law of New Jersey in subsequent cases.
 
 See Cipollone v. Liggett Group, Inc.,
 
 893 F.2d 541 (3d Cir.1990)
 
 cert. granted,
 
 — U.S. -, 111 S.Ct. 1386, 113 L.Ed.2d 443 (1991) (discussed infra). This, however, is a misinterpretation of our recent decision and appellant’s claim must therefore fail.
 

 Recently the Third Circuit decided
 
 Cipollone v. Liggett Group, Inc., supra,
 
 wherein the husband/plaintiff brought suit against various cigarette manufacturers, alleging that their products caused his wife’s death. Plaintiff stated causes of action in strict liability in tort, negligent failure to warn and inadequate warnings on the part of the manufacturers. The main thrust of the case, the part from which this court later relied upon, studied the effects of the Federal Cigarette Labeling and Advertising Act
 
 [2]
 
 on plaintiff’s claim that certain warnings on cigarettes were inadequate. As to plaintiff’s other issues, the Third Circuit utilized New Jersey law to determine that the Cigarette Labeling Act did not bar the tort claims and the question of defectiveness should be put to the jury.
 

 In
 
 Hite v. R.J. Reynolds Tobacco Co., supra,
 
 this court was asked to consider claims similar in nature to those presented in
 
 Cipollone.
 
 We relied on the Third Circuit decision merely to evaluate the effect of the cigarette labeling act on plaintiff’s inadequate warning claim. For plaintiff’s other claims, we relied exclusively on Pennsylvania law. In this case, appellant is attempting to bootstrap the application of New Jersey law into this decision by
 
 *264
 
 arguing that
 
 Hite
 
 implicitly accepted the law set out in
 
 Cipollone.
 
 Since Hite's reliance on
 
 Cipollone
 
 is limited to the labeling issue, we do not accept appellant’s argument that
 
 Hite
 
 requires this court to put the issue of defectiveness to the jury.
 

 We also do not accept appellant’s argument that the Alcoholic Beverage Labeling Act of 1988 clearly indicates that the public was not aware of the dangers of imbibing alcoholic beverages. The lower court correctly indicated to appellant that the legislative history of the Act refutes this argument:
 

 The warning label required by this Act is basically a reminder of what nearly all Americans already know about the problems of alcohol use and abuse. These figures indicate that there is widespread awareness of the health risks associated with alcohol use or abuse----
 

 134 Cong.Rec. S17,301 (daily ed. Oct. 21,1988) (statement of Sen. Ford). Thus the passage of the Labeling Act, in and of itself, does not indicate that the public was not aware of drinking’s ills prior to November 18, 1988. Rather, the law was intended to remind people of that which they were already aware in an attempt to decrease the number of casualties associated with drinking.
 

 In the instant case, the lower court looked to the clear language of § 402A, comment i and determined, as a matter of law, that the dangers of drinking alcohol and driving are obvious. As such, Campari had no duty to warn potential users of that which is known to most people. We find no error in the lower court’s reasoning as the law is clearly stated. Moreover, we find appellant’s reliance on New Jersey law misplaced and its interpretation of the reasons for the Labeling Act incorrect. Accordingly, we affirm on this issue.
 

 Appellant next contends that the trial court erred in concluding that, as a matter of law, the risks associated with alcoholic consumption do not outweigh their utility. Appellant argues that Campari’s promotion of its product diminished the public’s common knowledge of the dangers
 
 *265
 
 of alcohol consumption to the point that the product was defective absent some warning provided to re-educate the user about the risks of drinking alcohol. We find this argument meritless.
 

 In
 
 Hite v. R.J. Reynolds Tobacco Company, supra,
 
 we expressly rejected the application of a risk-utility approach to design-defect cases under § 402A. In that case, we reached our conclusion after undertaking a thorough analysis of Pennsylvania’s strict liability law. We draw appellant’s attention to the reasoning and overview supplied in that case for we again conclude that Pennsylvania courts do not recognize this type of claim in determining whether a product is defective.
 
 [3]
 
 Thus we find no error in the lower court’s dismissal of this claim and hereby affirm their decision.
 

 Appellant’s third contention is that the trial court incorrectly dismissed its negligent failure to warn claim. The trial court allegedly usurped the jury’s duty by determining, as a matter of law, that the dangers of drinking and driving were so obvious that Campari had no duty to warn consumers of these risks. Appellant attempts to bolster this argument by opining that Campari’s promotional efforts may have diminished public awareness of the risks inherent in drinking and driving. As such, the trial court should have permitted a jury to balance the effect of Campari’s advertisements against the consuming public’s awareness of the
 
 *266
 
 dangers associated with drinking and driving. We disagree.
 

 We note that in a products liability suit based on negligence, appellant must prove that the manufacturer owed a duty to appellant; the manufacturer breached that duty; and such breach was the proximate cause of appellant’s injuries.
 
 See Toth v. Economy Forms Corporation, supra.
 
 We also note that Pennsylvania has adopted the Restatement (Second) of Torts section 388 in cases involving a claim of negligent failure to warn.
 
 Incollingo v. Ewing,
 
 444 Pa. 263, 288 n. 9, 282 A.2d 206, 220 n. 8 (1971);
 
 Herleman v. Trumbauer Auto Sales,
 
 346 Pa.Super. 494, 499 A.2d 1109 (1985);
 
 Ellis v. Chicago Bridge & Iron Co.,
 
 376 Pa.Super. 220, 233 n. 13, 545 A.2d 906, 913 n. 13 (1988). Section 388 provides that:
 

 one who supplies ... a chattel for another to use is subject to liability ... for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier:
 

 (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied; and
 

 (b)
 
 has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition,
 
 and
 

 (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.
 

 Restatement (Second) of Torts § 388 (1965) (emphasis add- - ed). Comment k to section 388 interprets the requirement of subsection (b) as follows:
 

 One who supplies a chattel to others to use for any purpose is under a duty to exercise reasonable care to inform them of its dangerous character in so far as it is known to him, or of facts which to his knowledge make it likely to be dangerous, if, but only if, he has no reason to
 
 *267
 
 expect that those for whose use the chattel is supplied will discover its condition and realize the danger involved.
 

 Restatement (Second) of Torts sec. 388, comment k.
 

 Appellant argues that Campari’s promotional efforts so diminished the public’s knowledge of alcohol’s risks that Campari should be required to warn consumers of those dangers. In support of this position, appellant cites cases wherein juries were asked to assess the effects of drug manufacturer’s promotions on their products which had warning labels attached thereto.
 
 Incollingo v. Ewing, supra.; Baldino v. Castagna,
 
 505 Pa. 239, 478 A.2d 807 (1984). We find appellant’s reliance on these cases to be misplaced, however. The critical and fatal difference between the present action and those cited by appellant is that in the latter, the manufacturers had provided warnings on their own products. Thus the manufacturers’ promotional efforts served to diminish the warnings which they had provided. Since the public’s knowledge about the drugs came exclusively from the manufacturer, the manufacturer’s advertising efforts only diminished the effect of the warnings which they had provided.
 

 By contrast, we find that the public is well aware of the dangers of alcohol consumption without a warning provided by Campari. Appellant alleges that the particular driver involved in this accident was not aware of these dangers and thus the issue of duty and breach thereof must be put to the jury. Our research has not disclosed any Pennsylvania cases which have considered whether a liquor manufacturer can be negligent for failing to warn of drinking’s inherent dangers. Therefore, we look to a sister jurisdiction which has decided a case strikingly similar to the present action. In
 
 Morris v. Adolph Coors Company,
 
 735 S.W.2d 578 (Tex.App.1987), the Texas Court of Appeals was asked to determine whether a beer manufacturer could be held negligent for failing to warn a consumer of the dangers of drinking and driving. After examining section 388 and comment k, the court concluded that:
 

 
 *268
 
 [l]ike the strict liability cause of action raised by appellants, the question of whether a duty to warn exists must be evaluated in light of the knowledge of ordinary consumers of the risks inherent in drinking and driving. The dangers inherent in the consumption of alcoholic beverages and its affects on those operating motor vehicles are common knowledge to the ordinary consumer. As such, there is no duty ... imposed on these appellees to warn or inform consumers of such obvious dangers. Since there is no duty imposed on appellees in this case, the imposition of which was a necessary requirement for the negligence theory of liability alleged by appellants, the trial court did not err in dismissing appellants’ cause of action based on this theory.
 

 Id.,
 
 735 S.W.2d at 584-85 (citations omitted).
 

 While we are not bound by the decision of the Texas Court of Appeals, we are strongly persuaded by its reasoning. The risks inherent in drinking and driving are so obvious that Campari had no reason to believe that the intoxicated driver in this case would not be cognizant of them.
 
 See
 
 Restatement (Second) of Torts sec. 388, comment k. As such, Campari was under no duty to warn consumers of these risks. Since we also find the cases relied upon by appellant to be inapposite, we hereby affirm the lower court’s dismissal of appellant’s negligence claim.
 

 Finally, appellant asks us to grant relief based upon public policy notions. Appellant argues that changes in societal thinking allow us to pass the cost of drunk driving accidents onto the liquor manufacturers. Essentially, appellant is fed up with the discouraging number of drunk driving accidents and society’s inability to effectively deal with this tremendous problem. While we share appellant’s emotional outrage towards this menace, we must remind appellant that we are an appellate judicial tribunal, not a legislative body. We, as an intermediate appellate court, are not free to disregard existing law as established by the Supreme Court of this Commonwealth based solely on such generalized allegations of societal changes.
 
 Taurino v.
 
 
 *269
 

 Ellen,
 
 397 Pa.Super. 50, 55, 579 A.2d 925, 928 (1990). As such, we may render decisions only on a set of facts which establish a valid cause of action at law. Since appellant has not met this requirement, we must affirm the lower court’s ruling.
 

 Order affirmed.
 

 [1]
 

 . 27 U.S.C. §§ 213-219a (effective November 18, 1988).
 

 [2]
 

 . 15 U.S.C. § 1331
 
 et seq.
 

 [3]
 

 . Even if we were to address appellant’s contentions on their merits, we would feel constrained to affirm the lower court. In order to succeed under 402A, a plaintiff must establish all of the following: 1) a product; 2) the sale of that product; 3) a user or consumer; 4) the product defect which makes the product unreasonably dangerous; and 5) the product defect was the proximate cause of the harm.
 
 Toth v. Economy Forms Corporation,
 
 391 Pa.Super. 383, 387, 571 A.2d 420, 422 (1990). We find the "overpromotion” argument to be unpersuasive as its reliance on cases involving prescription drugs is misplaced. We hold that the public’s knowledge of the dangers of alcohol cannot be so diminished by advertising as to render the product defective if sold without a warning. Moreover, appellant has not established a causal link between promotional efforts and the accident in question. Therefore appellant has not met the established burden of proof for sustaining this claim.