**Coniglio v. Murray Ohio Manufacturing Co.**

*James J. Pollins III,* for plaintiffs.
*Frederick W. Bode III,* for defendants.

CARUSO, *J.,* February 24, 1992—

## 54

### DECISION AND ORDER

This matter is before the court as the result of a motion for summary judgment filed on behalf of the defendants, Murray Ohio Manufacturing Co. and Children's Palace.

On July 25, 1988, Christopher Coniglio was riding his bicycle north on Second Street in the Village of Grapeville, Township of Hempfield, Westmoreland County, Pennsylvania, approaching the intersection of Second and Painter Streets. He was not wearing a protective helmet. He collided with an automobile and suffered severe head injuries.

With respect to these defendants, in counts II, III, IV and V, the plaintiff asserts that these defendants are liable on the theories of negligence and strict products liability. The gravamen of these counts is the alleged lack, or inadequacy, of the warnings provided with the subject bicycle at the time of its sale.

The first issue raised by the defendant is whether or not these defendants had a duty to warn Christopher Coniglio of the dangers of riding a bicycle without a helmet. The plaintiffs are asserting that without such warnings, the bicycle was defective and/or the defendants were negligent.

Since the adoption of Restatement (Second) of Torts, §402A, in *Webb v. Zern*, 422 Pa. 424, 220 A.2d 853 (1966), manufacturers and sellers of dangerously defective products have been held strictly liable for injuries caused by the dangerous aspects of such products. The term dangerously defective is not just limited to defects in design or manufacture, but includes failure to give such warnings as needed to inform consumers of possible risks

and limitations involved. *Toth v. Economy Forms Corp.*, 391 Pa. Super. 383, 571 A.2d 420 (1990), citing *Berkebile v. Brantly Helicopter Co.*, 337 A.2d 893, 902 (1975). While no absolute standard duty is prescribed, generally, every reasonable precaution suggested by experience and the known dangers of the subject ought to be taken. *Lambert v. PBI Industries*, 244 Pa. Super. 118, 366 A.2d 944 (1976).

The determination of whether a warning is adequate and whether a product is defective due to inadequate warnings are questions of law to be decided by the trial judge. The resolution of these questions is actually a matter of determining social policy. It is a judicial function to decide whether, under the plaintiff's averment of the facts, recovery would be justified. *Mackowick v. Westinghouse Elec. Corp.*, 525 Pa. 52, 575 A.2d 100 (1990). A summary judgment should only be granted in this case if there does not exist any genuine issues of material fact bearing upon whether defendants have a duty to warn, or more adequately warn, of the dangers involved in this case.

For a product to be defective because of a failure to warn of dangers associated with its use, the dangers involved must make the product sold dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it or a foreseeable user, possessing the ordinary knowledge common to the community as to its characteristics. *Dauphin Deposit Bank & Trust Co. v. Toyota Motor Corp.*, 408 Pa. Super. 256, 596 A.2d 845 (1991). The extent of the knowledge of the user group in question is important, as was recognized

in *Mackowick, supra*. There the Supreme Court of Pennsylvania took into account that the plaintiff was a trained electrician in making its determination that the warnings given in that case were sufficient and therefore that the product was not defective. It is the knowledge which would be possessed by the plaintiff as a member of the class of persons for whose use the product was sold, not the subjective knowledge of the individual plaintiff, which would be controlling.

If the product is one customarily used by children, the danger must be one which children would be likely to recognize and appreciate in order to prevent them from recovering from a product related injury on the grounds that the danger was open and obvious. *Ellis v. Chicago Bridge & Iron Co.,* 376 Pa. Super. 220, 545 A.2d 906 (1988), citing W. Kimble & Lesher, *Products Liability,* §196 (1979). The social decision to be made, therefore, is whether an ordinary 12-year-old should be held to recognize and appreciate the danger of receiving a serious brain injury if that child operates a bicycle without a helmet. The legal decision now before the court is whether or not there is enough information presented to the court to grant a summary judgment on this basis.

In inquiring whether the supplier's failure to warn of the dangers attendant to operation of the product without protective headgear causes the product to be defective, the amount of information which the manufacturer possessed, or reasonably could have possessed, given the state of the knowledge within the industry, is important. A crucial question is whether and when the defendant

came into possession of information relating to head injuries to minors riding bicycles without protective headgear. If the manufacturer or seller possessed such information either prior to sale, or obtained it subsequently, their failure to warn the buyer of the need for protective headgear could justify the imposition of liability under Restatement (Second) of Torts, §402A. A manufacturer's duty to warn of the dangers may continue when it becomes aware that its buyers are not making the necessary safety adjustments to its product. *Walton v. AVCO Corp.*, 383 Pa. Super. 518, 557 A.2d 372 (1989), quoting *Majdic v. Cincinnati Machine Co.*, 370 Pa. Super. 611, 625, 537 A.2d 334, 341 (1989). Thus, if the defendant learned post-sale that 12-year-olds were riding bicycles without helmets and as a result sustaining serious head injuries in collisions, their subsequent failure to adequately warn prior purchasers of the need for protective headgear could constitute a failure to warn under section 402A.

This court is not prepared to find as a matter of law that the supplier of bicycles has no duty to adequately warn the community of 12-year-olds of the serious consequences that can result from the operation of the bicycle without the use of a helmet. The information presently before the court regarding the extent of the knowledge of the community of 12-year-olds is insufficient to permit us to do so. There is no evidence in the record regarding the obviousness to the community of 12-year-olds that the operation of a bicycle without a helmet will result in severe head injuries in the event of an accident.

The alleged defective nature of the bicycle in question is not one that exists on the bicycle itself but rather exists as a result of the alleged absence of an adequate warning.

Therefore, the alleged defect is not something readily discernible. Certainly the likelihood of a 12-year-old having an accident on a bicycle and striking an object or the ground is something that even a 12-year-old is aware of. However, the defense wants the court to speculate as to the knowledge and appreciation that 12-year-olds have regarding the danger of serious brain or head injury when operating a bicycle without a helmet. Considering the serious nature of the injuries that can occur and the relatively inexpensive and simple action that can be taken by the supplier by giving an adequate warning, this court is unwilling to find as a matter of social policy that a supplier of a bicycle does not have the duty to adequately warn 12-year-old children of the dangers of serious brain injury that exist when operating a bicycle without a helmet.

The next contention of the defendant's is that assuming arguendo that the defendants have a duty to warn, any alleged failure to warn was not a substantial factor in causing the injuries to Christopher Coniglio. The defendant contends that the evidence of record shows that regardless of whether Christopher Coniglio was adequately warned of the risks of sustaining head trauma while riding a bike without a helmet, he still would not have worn the helmet. Thus, the defendant contends, it would be unreasonable for a jury to find that the failure to adequately warn played a substantial part in causing the injuries sustained by Christopher Coniglio. Therefore, the defense contends, the issue of causation should not be presented to the jury.

Bicycle collisions occur with sufficient frequency that they can be deemed foreseeable by the supplier of a bike. A sufficient causative link is established between the prod-

uct's condition and the injuries if the plaintiff would not have suffered the injuries if the product included the warnings in question. Therefore, since the alleged dangerously defective product was such that it could have been made safer by the inclusion of an adequate warning that protective headgear should be worn by children while riding, it can be said that a sufficient causal link exists between the lack of an adequate warning and the severity of the plaintiff's injuries.

The evidence of record does not establish with the certainty required for purposes of entering summary judgment that Christopher Coniglio would not have heeded an "adequate" warning, as that may be defined in this case.

It appears from an examination of the facts in the present case, viewed in light of the law outlined above, that genuine issues of material fact exist, such as: (1) the extent of knowledge which could be attributable to a common, ordinary 12-year-old, concerning the dangers inherent in helmet-less bicycling, and the appreciative capacity of such consumer; and (2) the extent of the knowledge available to the manufacturer and seller as to the occurrence and frequency of head injuries sustained by children operating bicycles without protective headgear. Therefore, the motion for summary judgment shall be denied.

## ORDER OF COURT

And now, February 24, 1992, in accordance with the foregoing decision, it is hereby ordered and decreed that the motion for summary judgment filed on behalf of the defendants, Murray Ohio Manufacturing Co. and Children's Palace is denied.