**Rearick v. Hardee's Family Restaurant**

C.P. of Dauphin County, en banc, no. 4224 S 1994.

*Andrew Stutzman,* for plaintiffs.
*John Statler,* for defendants.

TURGEON, *J.,* May 10, 1995—Defendants, Hardee's Family Restaurant, Hardee's Food Systems Inc., and IMASCO Holdings Inc., have filed preliminary objections to plaintiffs' second amended complaint.[1] Oral argument on these objections was held before an en banc panel of this court on March 30, 1995.

Plaintiffs allege that on November 7, 1992, they purchased several items, including a cup of coffee, at the drive-through service window at Hardee's Family Restaurant on Route 22/322 in Dauphin, Pennsylvania. Plaintiff Michael Rearick then placed the cup of coffee on the dashboard of the car and held the bottom of the cup with his hand as he drove from the service window. The cup tilted, the lid came off and the coffee

---

1. The initial complaint was filed on October 18, 1994 to which defendants had filed preliminary objections. The plaintiffs filed an amended complaint on November 20, 1994 to which defendants filed a second set of preliminary objections. On December 29, 1994, plaintiffs filed their second amended complaint.

spilled onto his wife and child, plaintiffs Kimberly D. Rearick and Lacey Lee Rearick, who both suffered first and second degree burns on their legs and feet.[2]

Plaintiffs' complaint alleges negligence, strict liability, breach of warranty of merchantability and punitive damages. Defendants have demurred to all but the negligence claims and in addition, have requested that various paragraphs be stricken from the complaint.

When confronted with preliminary objections in the nature of a demurrer, the court will accept as true all properly pleaded allegations of material facts in the pleadings which give rise to the objections. The court will also accept as true every inference deducible from those facts as well as facts from which the court can take judicial notice. *Commonwealth, Department of Public Welfare v. Adams County,* 30 Pa. Commw. 164, 165-66, 373 A.2d 143, 144 (1977), *rev'd on other grounds,* 481 Pa. 230, 392 A.2d 692 (1978). The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. A demurrer cannot be sustained if there is any doubt as to whether the complaint adequately states a claim for relief under any theory of law. *Eckell v. Wilson,* 409 Pa. Super. 132, 135-36, 597 A.2d 696, 698 (1991).

## STRICT LIABILITY

In Counts II and VI of the complaint, plaintiffs allege that the defendants are strictly liable to them pursuant

---

2. A first degree burn is one which results in painful reddening and swelling of the epidermis; a second degree burn is when there is damage extending into the dermis, usually with blistering. Third degree burns are those where there is destruction of the epidermis and dermis extending into the deeper tissue with loss of pain receptors. The Random House Dictionary, Second Edition Unabridged (1987).

to Restatement (Second) of Torts §402(A). That section provides that "[o]ne who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused." Specifically, plaintiffs allege that the coffee sold was dangerously and unreasonably hot and thereby defective in that it was capable of causing first and second degree burns. Plaintiffs further allege that the coffee was unreasonably dangerous since it was served with a defective lid and also without a travel tray. Finally, plaintiffs allege that because the coffee was so unreasonably hot and because it was distributed in a defective condition, that defendants had a duty to warn.

Defendants contend the coffee cannot, as a matter of law, be considered a defective product unreasonably dangerous to the consumer simply because it is served hot. To be unreasonably dangerous in the context of section 402(A), "[t]he article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." *Dauphin Deposit Bank and Trust Co. v. Toyota Motor Corporation,* 408 Pa. Super. 256, 261, 596 A.2d 845, 847 (1991). Defendants argue that it is ordinary knowledge common to the community that coffee is served hot, in a styrofoam cup, with a removable lid. Defendants analogize this case to *Dauphin Deposit* in which the Superior Court held that the dangers of drinking alcohol and driving were so known and obvious as to preclude alcohol from being a defective product. We do not find the holding in that case as to alcohol applicable to scalding hot coffee. A truly analogous situation in *Dauphin Deposit* would occur, for instance, where the beverage consumed con-

tained twice the alcoholic content as is normal. Accordingly, *Dauphin Deposit* is distinguishable on its facts as there was no allegation that the alcohol itself was served in a defective condition but that the nature of the product made it defective.

We agree with the defendants that it is common knowledge that coffee is, at least in theory, to be served hot. However, clearly there are different degrees of "hot." It is certainly conceivable that coffee can be served at such a high temperature as to make the product unreasonably dangerous such that it would not be obvious or apparent to ordinary consumers that they bear a substantial risk of receiving burns, through clothing, so severe as to cause permanent scarring and require future skin grafting, as has been alleged here.[3]

Furthermore, under Pennsylvania law, a seller of a product may be liable for failure to warn where the lack of warning makes the product unreasonably dangerous. *Greiner v. Volkswagenwerk Aktiengesellschaft*, 540 F.2d 85 (3rd Cir. 1976). This allegation of failure

---

3. At oral argument, plaintiffs' counsel indicated that as a result of pretrial investigation, it is believed the coffee was 180 degrees Fahrenheit when served.

We also note that in another case involving the serving of hot coffee at a fast-food drive-through restaurant, it has been published that a burn expert testified that coffee at 170 degrees would cause second-degree burns within 3.5 seconds of hitting the skin. In that case, the company had not lowered the heat of the coffee despite receiving 700 burn complaints. The woman spent seven days in a hospital, three weeks recuperating at home and was then hospitalized again for skin grafts. The jury returned a verdict of compensatory damages at $200,000, less 20 percent contributory negligence and 2.7 million dollars in punitive damages. The judge reduced the award to $640,000, calculating punitive damages at approximately three times compensatory damages. *Newsweek*, "Are Lawyers Burning America?" March 20, 1995, p. 35.

to warn is also legally sufficient at this stage of the pleadings. Assuming as we must that the coffee here was served at an extreme temperature with inadequate packaging and was capable of inflicting serious injury, defendants' failure to properly warn plaintiffs of its potential serious danger also may make it "defective." Thus, we believe that the facts as alleged survive the demurrer in this regard.

## WARRANTY OF MERCHANTABILITY

Defendants have demurred to Counts IV and VIII of the complaint, in which plaintiffs allege that defendants breached the implied warranty of merchantability set forth in section 2314 of the Pennsylvania Commercial Code. 13 Pa.C.S. §2314. That section requires goods to "have an inherent soundness which makes them suitable for the purpose for which they are designed, . . . that they be free from significant defects, that they perform in the way that goods of that kind should perform, . . . and that they be of reasonable quality within expected variations and for the ordinary purpose for which they are used." *Gall v. Allegheny County Health Department,* 521 Pa. 68, 75, 555 A.2d 786, 789-90 (1989). (citations omitted)

Defendants argue that plaintiffs have failed to state a cause of action since the coffee served to plaintiffs was not below commercial standards and was fit for the purpose of consumption. They argue that there was no necessity for a warning to be placed on the coffee cup as the coffee was served to the plaintiffs in the type of container required to serve hot coffee in a drive-through service. While defendants' arguments have some merit, plaintiffs have alleged that the unreasonably and dangerously hot coffee was contained in a cup with a defective lid, which at this stage of the pleadings

is sufficient for setting forth a cause of action under section 2314. This demurrer will therefore be overruled.

## VAGUE PARAGRAPHS

Defendants also argue that paragraphs 53 and 79 in the complaint are so vague and overly broad as to be inadequate to meet the standard of pleadings in Pennsylvania under Pa.R.C.P. 1019(a) and *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983). These paragraphs state "[a]s set forth elsewhere herein, the goods sold by defendants to plaintiffs otherwise failed to meet the merchantability standards required by law." Because the allegation is limited to the facts as alleged elsewhere in the complaint, we do not foresee a *Connor* problem which could arise at trial. Defendants' demurrer to these paragraphs is thus dismissed.[4]

. Defendants also contend that paragraphs 32(h) and 58(h) fail to allege negligence with the required specificity under *Starr v. Myers,* 109 Dauphin Co. Rep. 147 (1988), in which this court held it would not countenance general averments of negligence. These paragraphs state that "[d]efendants were negligent, careless and reckless . . . [i]n otherwise failing to exercise reasonable care in the sale and service of hot coffee to plaintiffs, as set forth elsewhere herein." These paragraphs specifically refer to the facts already expressly provided in the complaint, which contains sufficient factual allegations to apprise the defendants of the manner in which their conduct was allegedly negligent. Defendants' motion to strike is denied.

---

4. Defendants raise this objection to lack of specificity improperly within a demurrer, but in the interest of judicial economy, it has been addressed.

PUNITIVE DAMAGES

Defendants have also attacked the legal sufficiency of Counts III and VII of plaintiffs' complaint in which the plaintiffs seek punitive damages. An award of punitive damages requires conduct that is outrageous because of a defendant's evil motive or as a result of his reckless indifference to the rights of others. *Martin v. Johns-Manville Corporation,* 508 Pa. 154, 172, 494 A.2d 1088, 1096 (1985) (citing Restatement (Second) of Torts §908(2)). In this case, plaintiffs are alleging reckless indifference. Punitive damages may be imposed where one deliberately proceeds to act or fails to act in conscious indifference to the risk of harm to others. *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984); *SHV Coal Inc. v. Continental Grain Co.,* 526 Pa. Super. 489, 587 A.2d 702 (1991). Furthermore, to set forth a claim for punitive damages, a plaintiff must allege that the defendant knew or had reason to know that its conduct involved a high degree of probability that substantial harm to the plaintiff would result. *Summers v. Rubin,* 112 Dauphin Co. Rep. 479, 484 (1992).

At this stage of the pleadings, we must conclude that the plaintiffs have alleged facts sufficient to show reckless indifference upon the part of the defendants. Specifically, plaintiffs have alleged that defendants knew the type of harm suffered by plaintiffs was likely to occur given defendants' knowledge of prior civil suits and other similar occurrences involving the spillage of unreasonably hot coffee which resulted in first and second degree burns and that defendants consciously chose to take no action to decrease the likelihood or the extent of the harm.[5] See *Martin v. Johns-Manville Corp., supra* at 171, 494 A.2d at 1097.

5. See footnote 2.

Accordingly, we enter the following:

ORDER

And now, May 10, 1995, defendants' preliminary objections to plaintiffs' second amended complaint are hereby dismissed and denied.